BERNARD MULDOON, Appellant, *v.* WILLIAM PITT et al., Respondents.

Within the meaning of the mechanics' lien law for the city of New York of 1863 (chap. 500, Laws of 1863), no one is owner who is not contractor, also, for the work performed and materials expended, upon his land; and no lien can be created upon the interest of any person as owner of the premises, unless such person shall have himself, or by his agent, entered into a contract for doing the work, either express or implied.

Defendants, W. P. and C. P., owning certain premises in the city of New York leased them to defendant V. The latter covenanted that no alterations should be made, with certain specified exceptions, without the written consent of the lessors. Plaintiff contracted with V. to make certain alterations, and to erect a new building. No consent in writing was given by the lessors to the alteration, they notified plaintiff that the work must be done in accordance with their wishes, and at the request of V. gave directions in reference thereto, and exercised supervision over it. Plaintiff filed a notice of lien under the act of 1863, naming all of the defendants as owners. In proceedings to enforce the lien, *held*, that the directions given by the lessors did not constitute them, in any sense, parties to any contract, express or implied, with plaintiff, and that the lien was valid only as against the interest of V. in the premises.

Where, upon an issue, a trial by jury is a matter of right, a final judgment ought not to be rendered by a court, on appeal, contrary to the findings of the jury, unless it affirmatively appear of inevitable necessity that the party cannot succeed upon a new trial. But, in proceedings of an equitable character, it is only necessary that the appellate court shall be satisfied that a final judgment will not work injustice.

Where there are several appeals from a judgment at General Term an appeal therefrom to this court, before all the appeals are heard and disposed of, is premature and irregular, but the remedy of a party seeking to avail himself of the irregularity is to move to vacate and set aside

such judgment; he cannot wait until the cause is moved for argument upon the appeal to this court and raise the question here.

(Argued March 21, 1873; decided June term, 1873.)

APPEAL by the plaintiff from an order of the General Term of the Court of Common Pleas for the city and county of New York, reversing a judgment in favor of plaintiff entered on the report of the referee, as against defendants, William Pitt and Charles Pitt.

The action was brought to foreclose a mechanics' lien for $1,330, filed by plaintiff against property No. 108 East Twenty-seventh street, in the city of New York, of which the Pitts were owners, and defendant, Vierkant, was tenant, for work done by the plaintiff under contract with said tenant.

The lease contained a provision by which the tenant stipulated to make, at his own expense, certain alterations and improvements in the buildings, but stated "that no alterations shall be made on the premises, except in basement floor and cellar, without the written consent obtained from the parties of the first part (the lessors) for such purpose; and that such changes of doors, windows, partitions, plumbers' work, etc., and all things belonging thereto, shall be made good, put back and replaced as they were at the time of the execution of this lease, and before the expiration of the term, if desired by the lessors."

Vierkant contracted with plaintiff to make certain alterations and to erect a new building, or extension. No written consent was obtained for such alterations. The lessors notified plaintiff that the alterations must be made in accordance with their wishes; and at the request of Vierkant, he being a foreigner and ignorant of building, they supervised the work and directed in regard thereto.

After the completion of the work plaintiff filed with the clerk of the city and county of New York a notice of lien, naming all of the defendants as owners. Defendant Donnelly, a sub-contractor under plaintiff, also filed a lien.

The referee held that plaintiff became entitled to and

acquired a lien on the building, its appurtenances and the lot to the value of his claim, to the extent of the interests of all of said owners, and was entitled to a judgment against all of the defendants, to the amount of the claim, to be enforced by a sale of the premises, and directed judgment accordingly. He also directed judgment against plaintiff for the amount of the claim of defendant Donnelly.

The defendants, William and Charles Pitt, appealed, and the General Term reversed the judgment as to them, without directing a new trial. Further facts as to the claim of defendant Donnelly appear in the opinion of EARL, C., on motion motion to dismiss appeal.

*Albert Comstock* for the appellant. Parol admissions are competent evidence to prove the ownership of the real estate in question. (*McBurney* v. *Willman*, 42 Barb., 390 ; *Otis* v. *Cusack*, 43 id., 546.) The Pitts are estopped by their lease to Vierkant from denying ownership in the premises. (*Barber* v. *Harris*, 15 Wend., 615.) The Pitts being partners, were agents for each other. (*Mabbett* v. *White*, 12 N. Y., 442.) Defendants were co-owners, and ratified each other's acts in the premises. (*Com. Bk. of Buffalo* v. *Warren*, 15 N. Y., 577.) The Pitts were legal and equitable owners of the premises; and the work being done with their permission and direction, they are liable for it. (*Rollins* v. *Cross*, 45 N. Y., 766.) The order and judgment of the General Term is erroneous, because they simply reverse the judgment below. (*Astor* v. *L'Amoreux*, 4 Seld., 107.)

*Wm. Henry Arnoux* for the respondents, Pitt. The owner of premises is not responsible for improvements thereon contracted for by a tenant; the latter being the owner within the meaning of the law. (*Knapp* v. *Brown*, 45 N. Y., 207; *Lowrie* v. *Logan*, 9 id., 435 ; *Amboy* v. *Jones*, 19 id., 234.)

*D. M. Porter* for the respondent, Donnelly. The order and judgment of the General Term is erroneous, because the appeal against Donnelly was not disposed of. (*Bacon* v.

*Comstock*, 11 How., 97 ; *Brown* v. *Richardson*, 4 Robt., 603.)
The appeal to this court is premature ; and as to Donnelly
should be dismissed, without costs. (*Paddock* v. *Spring. F.
Ins. Co.*, 2 Kern., 591; *Van Bergen* v. *Bradley*, 36 N. Y.,
316 ; *Coleman* v. *Pleystead*, 40 id., 341.)

Johnson, C.   This was a proceeding in the Common Pleas
of New York, under the mechanics' lien law of 1863. (Ch.
500, Laws of 1863, p. 859, etc.) It involved the construc-
tion of the 6th section of the act which defines the cases in
which a lien shall exist, and the precise inquiries necessary to
be answered in order to dispose of this case is in what sense
the word " owner" is employed in that section.   The section
provides that any person who should thereafter  *   * in pur-
suance of or in conformity with the terms of any contract
with or employment by the owner, or by or in accordance
with the directions of the owner or his agent, perform any
labor or furnish any materials toward the erection of any
building in the city of New York, should, on complying with
the 6th section of the act, have a lien for the value of such
labor and materials—upon such building and the appurte-
nances, and lot on which the same shall stand, to the full value
of such claim or demand, and to the extent of the right, title
and interest then existing of the owner of said premises.
The settled construction of this section is, that no lien can
be created on the interest of any person as owner of the pre-
mises, except such person shall, either himself or by his
agent, enter into a contract for doing the work, either express
or implied.   All this is implied in the expressions describing
the conditions which are necessary to a lien.   To that end,
the labor or materials must be furnished in conformity with
a contract with or employment by, or by the directions of
the owner or his agent.   Together, these phrases mean con-
tracts express or implied ; and no one is owner in the sense
of this statute, who is not contractor also for having the work
or materials expended or performed upon his land. *Knapp*
v. *Brown* (45 N. Y. R., 207), is fully in point, and establishes

the construction stated. The appellants were the owners in fee of the lot in question, and had leased it for a dwelling and bathing establishment to Vierkant for five years. He covenanted that no alteration should be made on the premises except in basement, floor and cellar, without the written consent of the appellants for such purpose, and that such changes of doors, windows, partitions, plumber's work, etc., etc., and all things belonging thereto, should be restored as they were at the commencement of the lease, prior to its end, by the lessee, at his own expense, if the lessors desired.

Vierkant contracted with Muldoon, the appellants did not. Their only instruction was by way of supervision, to see to it, at Vierkant's request, that the building to be erected for him and the alterations to be made in the existing building, should be suitable to his interest and not injurious to theirs; they not having given any consent, in writing, to alterations. These directions, however positive and effectual in regulating the work, did not constitute them, in any sense, parties to a contract, express or implied, with Muldoon. The testimony left no room for any other conclusion, and the Common Pleas were well warranted in reversing the decision of the referee in respect to these defendants. The proceeding under which their determination was made is peculiar in its character and is regulated by the 7th section of the act. (Laws of 1863, p. 863.) The court is authorized to refer the whole matter to a referee to examine, and pass upon the rights of the respective parties, and report upon the same in a summary manner, as in case of claims to surplus moneys in mortgage cases, on which every party shall be at liberty to take proofs for or against any claim or lien, and such judgment or decree shall be made thereon as to the rights and equities of the several parties, among themselves and against any owner, as may be just. An appeal is given to the General Term, to be heard and decided as in case of appeals from an order at Special Term, and also to the Court of Appeals, by any party held liable for or claiming more than five hundred dollars. When, upon an issue, a trial by jury is a matter of right, a

final judgment ought not to be rendered by a court on appeal, contrary to the finding of a jury, unless it affirmatively appears as an inevitable necessity that the party cannot succeed upon a new trial. But in a proceeding of an equitable character it is only necessary that the appellate court should be satisfied that a final judgment will not work injustice. In this case it was obvious that the whole merits were before the court, and there was therefore no necessity for granting a new trial, for, on the principles settled by the decision, the plaintiff could not maintain his claim against the appellant.

Judgment should be affirmed with costs.

All concur.

Judgment affirmed.

A motion was subsequently made upon the part of defendant Donnelly to dismiss this appeal, or for a reargument, upon the ground that the appeal was premature. The following opinion was given thereon.—Rep.

Earl, C. The plaintiff and defendant Donnelly, both filed liens upon the premises mentioned in the complaint, and the plaintiff commenced this action to enforce his lien, making Vierkant the tenant, the Pitts the owners, and Donnelly defendants. The defendants all appeared and answered. The cause was then referred, pursuant to section 7, chapter 800 of the Laws of 1863, and tried before the referee. The referee made his report, by which he found that the tenant and owner were both liable to the plaintiff for the amount of his claim, and he ordered judgment against such defendants for the amount of such claim with costs; and he ordered judgment against the plaintiff for the amount of Donnelly's claim. This report was confirmed at Special Term, except that costs were awarded to Donnelly against the plaintiff. Judgment having been entered upon the report as thus modified, the Pitts appealed to the General Term of the Common Pleas as to so much of the judgment as was against them, and the

plaintiff appealed from so much of the judgment as awarded costs against him in favor of Donnelly. It appears that the cause was brought to argument at the General Term, and that then, after hearing counsel for plaintiff and for the Pitts, the judgment as to the Pitts was reversed. The plaintiff then appealed from this judgment of reversal to the Court of Appeals, serving his notice of appeal upon the attorneys for the Pitts and also the attorney for Donnelly. The cause was brought to argument in this court and the judgment appealed from was affirmed. Upon the argument, counsel for Donnelly appeared and claimed that the appeal to this court should be dismissed as premature, because the plaintiff's appeal to the General Term had not been disposed of. It is now claimed that no notice was taken by this court of this claim of Donnelly's counsel, and a motion is now made by the same counsel to dismiss the appeal, upon substantially the same ground, or for a reargument of the cause.

It would probably be a sufficient answer to this motion that the remittitur has been filed in the court below and that the cause is not pending in this court. But if the exigency of the case seemed to require it we could, doubtless, request the remittitur to be returned to this court, and such request would probably be complied with.

It was, doubtless, irregular to enter a judgment and appeal to this court until all the appeals from the same judgment to the General Term had been disposed of. But there was nothing in the record showing that they had not been disposed of. Judgment had been entered upon the decree of the General Term, and an appeal from such judgment had been taken to this court. No objection seems to have been taken to the entry of the judgment and no motion made to set it aside or vacate it; hence, this court had the right to suppose that plaintiff's appeal to the General Term had been settled, discontinued or disposed of, in some other way.

If Donnelly's counsel claimed that the judgment of the General Term was prematurely entered, he should have

moved to vacate or set it aside, and not wait until after the cause was moved for argument upon the appeal before he makes the objection.

This court has disposed of the only appeal before it, and the whole cause has been remitted to the Court of Common Pleas. If defendant Donnelly is entitled to any relief he must seek it there.

There is another reason for denying this motion; Donnelly is not a party to the appeal to this court; he is in no way affected by it and has nothing to do with it; he cannot, therefore, be heard here.

Motion denied, with ten dollars costs.

All concur.

Motion denied.