NATHANIEL W. HUSTED, Respondent, *v.* ALBERT R. MATHES et al., Appellants.

The provisions of the mechanics' lien law for the county of Westchester, etc. (chap. 402, Laws of 1854, as amended by chap. 489, Laws of 1873), giving a lien to persons furnishing materials whenever the owner of land consents to the erection of a building thereon, apply where the owner is a married woman.

As to such land the owner is to be regarded, under said act, as though unmarried; and her consent may be implied from her knowledge, and the absence of any objection on her part.

*Jones* v. *Walker* (63 N. Y., 612); *Ainsley* v. *Mead* (3 Lans., 116); and *Yale* v. *Dederer* (68 N. Y., 329), distinguished.

(Argued April 25, 1879; decided May 20, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to foreclose a mechanics' lien upon

certain premises situate in the county of Westchester, for materials alleged to have been furnished and used in the construction of a building erected thereon.

At the time of the furnishing of the materials and the filing of the lien the premises were owned by defendant Catharine Storms, a married woman. The referee found that the building was erected and the materials furnished with the consent of said owner. Subsequent to the filing of the lien the premises were conveyed to the defendant Albert H. Mathes.

*Samuel Hand*, for appellants. As there was no proof or finding of any contract with or consent by the owner of the property, who was a married woman, to the furnishing of the materials, no lien for them could be imposed upon it. (*Ainsley* v. *Mead*, 3 Lans., 116, 123; *Jones* v. *Walker*, 63 N. Y., 612; *Yale* v. *Dederer*, 68 id., 329.)

*C. Frost*, for respondent. The acts of the owner of the property were sufficient to warrant the inference that she consented to the furnishing of the materials. (*Nellis* v. *Bellinger*, 6 Hun, 560; *McGraw* v. *Godfrey*, 14 Abb. [N. S.], 397; *Spencer* v. *Bartlett*, 35 N. Y., 94.)

DANFORTH, J. The facts found by the referee bring the case within the provisions of the " act for the better security of mechanics and others erecting buildings in the county of Westchester," etc. (Chap. 402, Laws of 1854, as amended by the act of 1873, chap. 489.) By these statutes whenever the owner of land consents to the erection of a building upon it, a lien is given to persons furnishing materials used in its erection. The defendant (Catharine Storms) was informed of the intended improvement, and knew of the work while it was in progress. She received the benefit willingly. This we think sufficient to warrant the finding of the referee. (*Nellis* v. *Bellinger*, 6 Hun, 560.)

It is, however, contended by the learned counsel for the appellant that, inasmuch as the owner of the land in this

case was a married woman it cannot be bound, inasmuch as she has neither consented in writing to charge her separate estate nor made any contract for its benefit. But the statute prescribes the conditions on which the lien is to attach and they are found in this case. It was not necessary that the owner should have contracted for the materials and, however manifested, the " consent of the owner " to the erection of the house is sufficient. The case is not one of contract. The woman creates no debts ; but consenting to the improvement of her land, it is by statute subjected to a lien. As to that land she is to be regarded as though unmarried, and her consent may be implied from her knowledge ; in the absence of any objection her silence may, as in other cases, be deemed sufficient evidence of assent. (*Anderson* v. *Mather*, 44 N. Y., 262.) The cases referred to by the appellant's counsel do not seem to. affect the question. *Jones* v. *Walker*, (63 N. Y., 612,) was decided under a statute which gave a lien for labor and materials furnished by virtue of a contract with the owner or his agent. The wife owned the land. The contract was made with the husband, and it did not appear that he was acting as her agent,— (*Ainsley* v. *Mead*, 3 Lans., 116 ; and *Yale* v. *Dederer*, 68 N. Y., 329),— both relate to the liability of a married woman upon a contract and do not concern the case before us.

We have examined the other questions presented by the appellant's points but discover no error in the decision of the referee.

The judgment should.be affirmed.

· All concur, except RAPALLO, J., not voting.

Judgment affirmed.