JAMES BURKITT, Respondent, v. WILLIAM HARPER et al., Appellants.

By a lease from the owners of certain premises in the county of Queens it was agreed in substance that, " as part of the consideration of the letting,' the improvements built or to be built upon the premises by the lessee should revert to the lessors at the expiration of the term, and that the lessee would leave them upon the premises; also, that the lessee would insure for half the cost of the buildings built or to be built upon the premises, and in case of fire would devote the proceeds to the re-erection or restoration of the improvements destroyed; in case of default in any of the covenants, on the part of the lessee, the lessor had the right to re-enter. Plaintiff, under a contract with the lessee, erected a building upon the premises. The lessors lived near the premises, saw the building from time to time while plaintiff was engaged in its erection, and made no objection. In an action to foreclose a mechanic's lien, *held*, that the lessee was permitted by the owners to erect the building within the meaning of the mechanic's lien law for said county (§ 1, chap. 478, Laws of 1862); and that the said lien was valid and enforceable against the land.

*Conklin* v. *Bauer* (62 N. Y., 620); *Knapp* v. *Brown* (45 id., 207); *Muldoon* v. *Pitt* (54 id., 269), distinguished.

The notice of lien filed did not allege that the owners permitted the lessee to build, but that they permitted the plaintiff to furnish the work and material; it specified the amount of the claim, the person against whom it was made, and the name of the owner and the situation of the building, particularly describing the land; it also stated that the work and material were furnished pursuant to a contract with the lessee.

*Held,* that the notice was sufficient; that it was not necessary to state therein the permission of the owner, this was simply a fact to be alleged in the complaint.

(Argued December 12, 1879; decided December 19, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 14 Hun, 581.)

This action was brought to foreclose a mechanic's lien upon certain premises in the county of Queens.

The facts appear sufficiently in the opinion.

*Philip S. Crooke,* for appellants. The lessee could not incumber the land with the price of materials and labor put upon it without the express permission or direction of his landlord. The permission contemplated by the statute must be actual. (*Conklin* v. *Bauer,* 62 N. Y., 620; Bouv. L. Dict. "Permission;" *Rollins* v. *Cross,* 45 N. Y., 766; Laws 1862, chap. 478; *Knapp* v. *Jackson,* 45 N. Y., 207, 211; *Muldoon* v. *Pitt,* 54 id., 260.)

*Julien T. Davies,* for respondent. The lessee was the owner of the land within chapter 478 of Laws of 1862, and his interest was subject to a lien under it. (*Knapp* v. *Brown,* 45 N. Y., 212; *Loonie* v. *Hogan,* 5 Seld., 435; *Ombony* v. *Jones,* 19 N. Y., 234; *Rollins* v. *Cross,* 45 id., 766; *Hackett* v. *Badeau,* 63 id., 476; *Otis* v. *Cusack,* 43 Barb., 546.) Under a contract for the sale of real estate where the vendor agrees to loan the vendee money to erect buildings thereon, and to give him a deed when they are completed, at the same time taking back a mortgage for part of the purchase money, permission will be drawn from the terms of the contract which will support a mechanic's lien filed against the land itself and the vendor's interest. (*Gates* v. *Whitcomb,* 4 Hun, 137; *Riley* v. *Watson,* 3 id., 568; *Hart* v. *Wheeler,* 1 T. & C., 403; *Hackett* v. *Badeau,* 63 N. Y., 476; *Wheeler* v. *Scofield,*

67 id., 314; 6 Hun, 655.)    The notices of lien filed by plaintiff were not defective.    (Laws 1862, chap. 478, § 3, p. 947.)    The objection to the form of the notices is made too late.    (*Hubbell* v. *Schreyer*, 15 Abb. Pr. [N. S.], 300; *Moran* v. *Chase*, 52 N. Y., 346; *Darrow* v. *Morgan*, 65 id., 333.)

EARL, J.    This is an action to foreclose a mechanic's lien under chapter 478 of the Laws of 1862.    Section one of that act provides, that "any person who shall hereafter perform any labor or furnish any materials in building, altering or repairing any house, building, etc. by virtue of any contract with the owner thereof or his agent, or with any contractor or sub-contractor, or any person permitted by the owner of such lands to build, repair, alter or improve, as aforesaid, within the county of Kings or Queens, shall, upon filing the notice prescribed in the third section of this act, have a lien for the value of such labor and materials upon such house, building and appurtenances, and upon the lot of land upon which the same stand, to the extent of the right, title and interest, at that time existing, of such owner, in the manner and to the extent hereinafter provided," etc.    In this case, defendants Harper and Eldert owned some land in Queens county and leased the same to Davis.    Under a contract with Davis, plaintiff erected thereon a certain building ; and the main question to be determined is whether such building was erected by the permission of the owners Harper and Eldert, within the meaning of the act.    We think it was so erected.

It is clear that the erection of the building was within the contemplation of the parties to the lease at the time of its execution.    The term was eight years, at an annual rent. It is expressly agreed in the lease, " as part of the consideration of the said letting, that the improvements built or to be built upon the premises are to revert to the parties of the first part at the expiration of this lease, to belong to them without further consideration therefor," and that the lessee

will leave such improvements upon the premises for the benefit of the lessors ; and it is further agreed that the lessee " will insure against fire in some company, to be approved of by the parties of the first part, for at least one-half the amount or cost of the buildings erected and to be erected on the premises, and to maintain the same during said term, and in case of fire to devote the proceeds of such insurance to the re-erection or restoration of such improvements so burnt or destroyed." It is also provided in the lease that, in case of default in the payment of the rent, or in any of the covenants contained in the lease, the lessors are to have the right of re-entry. It is thus clear that the lessors had an interest in the erection of the building — a greater interest even than the lessee. During the term of the lease the building is to them a security for the performance by the lessee of his covenants, as it is to come to them at once in case of his default. It is to belong to them at the expiration of the lease, and during the term the lessee is to keep it insured for their benefit, and to restore it if destroyed by fire. In addition to this the lessors lived near the premises and saw the building from time to time while plaintiff was engaged in its erection, and made no objection to the erection of the same. Under such circumstances, we think the learned judge at Special Term was fully warranted in finding that Davis was permitted by the owners to erect the building.

In *Conklin* v. *Bauer* (62 N. Y., 620), the building was erected for a person to whom the owners had agreed by parol to sell the land ; and the jury found, upon conflicting evidence, that there was no permission by the owners. That case is unlike this and is no authority to uphold the contention of these defendants. In *Rollin* v. *Cross* (45 N. Y., 766), the defendant, Mrs. Cross, entered into a contract for the purchase of land from Betts. She had an understanding with Goodwin that a house was to be built upon it for him and his family, and that she was to advance money to assist him in building it. Goodwin, in November, 1867, made a contract with Pick to build for him a house upon

the land, and under such contract Pick and his assignee Rollin did work and furnished material in the erection of the house. In January, 1868, Betts conveyed the land to Mrs. Cross, in pursuance of his contract with her, and in April thereafter she conveyed the property to Rushmore. It was held that under the language of the act of 1862, Mrs. Cross, while she was merely an equitable owner, having the contract of purchase, but no deed, was not an owner, within the meaning of the statute; but that if any equitable owner, in such a case, permits a building to be erected, and, before lien filed, by the performance of a contract of purchase becomes the legal owner, the conveyance will be held to relate to the time when the contract of purchase was made, and such owner to be within the statute; and the lien filed against her as owner, before her conveyance to Rushmore, was enforced, because she permitted Goodwin to build upon the land.

The case of *Knapp* v. *Brown* (45 N. Y., 207), arose under the act chapter 500 of the Laws of 1863, the mechanic's lien law, relating to the city of New York. That law is unlike the one governing this case in some important features. In that case there was a lease very much like the one in this case, and the lessor was to have, at the expiration of the term, certain improvements to be made by the lessee. The plaintiff furnished work and material, under a contract with the lessee, and attempted to enforce a lien for them against the lessor as owner; and the court held, construing the language of that statute, that no lien could be created upon the interest of any person as owner of the land, except such person had either himself or by his agent entered into a contract for doing the work, either express or implied; and that the lien was only authorized as against owners so contracting for or employing persons to do the work. A similar decision, under the same statute, was made in *Muldoon* v. *Pitt* (54 N. Y., 269). Without further commenting upon cases, it is sufficient to say that there is no authority upholding the contention of these defendants.

The learned counsel for the defendants also claims that there was such a defect in the notice of lien filed that the plaintiff acquired no lien, and hence that his judgment should be reversed. This claim is not well founded. The statute authorizes the lien because the plaintiff furnished work and material to Davis, who was permitted by the owners to build. There is no allegation in the notice of lien that the owners permitted Davis to build, but the allegation is that the owners permitted the plaintiff to furnish the work and material. Section three of the act specifies what the notice must contain. It must specify the amount of the claim, the person against whom the claim is made, the name of the owner, and the situation of the building. All this is specified in this notice. It specifies the amount of the claim and what it is for, that the work and material were furnished in pursuance of a contract with Davis; that these defendants and Davis were the owners of the land, and the land is particularly described. The statement as to the permission of the owners was wholly unnecessary and cannot vitiate a notice otherwise sufficient. It was necessary that the complaint should contain a proper allegation as to the permission; and, as amended, it does contain it.

Therefore, finding no error, the judgment should be affirmed, with costs.

All concur, except Miller, J., dissenting.

Judgment affirmed.