HENRY W. OTIS, RESPONDENT, v. JOHN M. DODD AND
ALEXANDER M. ROSS, APPELLANTS, IMPLEADED WITH THE
UNION PORTLAND CEMENT COMPANY AND OTHERS.

*Mechanic's lien — when one contracting with a tenant may acquire a lien as against
the owner — 1873, chapter 489.*

The defendants leased certain lands and quarries to a cement company for the
term of seven years, with privileges of renewal, the company agreeing to erect
certain improvements thereon, which were to become the property of the
lessors upon the termination of the lease. The plaintiff, in pursuance of a
contract made with the company, erected the improvements upon the lands,
the defendants assisting in locating the same and directing him as to the
foundations thereof. The cement company having failed, the plaintiff filed
a notice of lien under chapter 489 of 1873.

*Held,* that he thereby acquired a valid lien upon the land as against the defend-
ants, the owners thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee in an action brought for the foreclosure of
a mechanic's lien.

*Schoonmaker & Linson,* for the appellants.

*E. S. Wood,* for the respondent.

BOARDMAN, J.:

Does the mechanics' lien law (chap. 489, Laws of 1873), give a
lien to plaintiff upon the lands of defendants Dodd and Ross under
the facts in this case?

Dodd and Ross, owners of the fee, leased certain lands and quar-
ries to the Portland Cement Company for seven years, with privi-
leges as to renewals. In consideration of said lease, the cement
company covenanted and agreed with Dodd and Ross to erect cer-
tain valuable improvements thereon. The cement company entered
into possession, and, in pursuance of the said agreement, contracted
with plaintiff to erect and build such improvements, which, by the
terms of the lease, became real estate, and at the end of the lease
went to Dodd and Ross. Dodd and Ross not only contracted with
the cement company for the erection of these improvements, and

consented to and procured such erections, but they were present and aided plaintiff in locating the same, and directed him how to fix the foundations. After plaintiff completed the improvements the cement company failed to pay, and this lien was put upon the property to the amount of over $8,000. The referee held and decided that the lien was valid against Dodd and Ross, as owners of the fee, and they appeal from the judgment against them.

In *Nellis* v. *Bellinger* (6 Hun, 560), it was held that chapter 489, Laws of 1873, gave a lien whenever the owner of the land consents, by his acts or declarations, to the erection of a structure upon it, to the same extent as if he had contracted directly for its construction. In that case the father was the owner in fee of the land. His son had contracted with the plaintiff for the erection of a house on the land for the son's own use. The father knew these facts, and was present at various times while the work was going on and rendered some assistance. So in *Husted* v. *Mathes* (77 N. Y., 388), the act of 1873 is again under construction, and Judge DANFORTH says: "Whenever the owner of land consents to the erection of a building upon it, a lien is given to persons furnishing materials used in its erection." Again: "It was not necessary that the owner should have contracted for the materials, and, however manifested, the 'consent of the owner' to the erection of the house is sufficient. The case is not one of contract, * * * but consenting to the improvement of her land, it is by statute subjected to a lien." This was a case in which a husband made improvements on his wife's land.

In the case under consideration the cement company put up the new structures under a contract made by it with Dodd & Ross, the owners of the fee. There was a valid contract between them whereby the cement company was bound to make the improvements, and they were made pursuant to such contract. Dodd & Ross took part in the location of the structures, and as soon as they were built they became their property. It was, therefore, more than a simple consent by Dodd & Ross; they contracted to have the work done, and by reason of such contract the plaintiff was employed to do the work. Doubtless they expected the cement company would pay plaintiff's bill. So in *Nellis* v. *Bellinger* (*supra*), the father expected his son would pay for a house erected

for his own use. But the payment has not been made, and now shall the contractor lose his pay, while the owner of the land gets the benefit of his work, labor and materials for nothing? If we assume that the cement company is insolvent and cannot be compelled to pay plaintiff, it will result that Dodd & Ross will resume possession of their real estate with the improvements built thereon by plaintiff, in pursuance of a contract therefor between Dodd & Ross and the cement company. We think it was the intent of the act of 1873 to reach such a case and to compel the owner of the fee, when he receives the benefits of a mechanic's labor and material, put upon his land with his full knowledge, approbation and consent, to pay therefor. The case of *Burkitt* v. *Harper* (14 Hun, 581; affirmed 79 N. Y., 273), arose under the mechanics' lien law applicable to the counties of Kings and Queens (Laws of 1862, chapter 478, § 1) whereby liens are allowed mechanics for work or materials for houses, etc., upon lands "by virtue of any contract with the owner thereof, or his agent * * * or *any person permitted by the owner of such lands to build*," etc. The defendant, Davis, was lessee under an eight year lease on annual rent. Harper was the owner. By the lease the improvements built or to be built upon the premises were to revert to the lessor and belong to him, and it provides for the insurance of the same, for rebuilding, in case of fire, with the proceeds of such insurance and in case of default for re-entry by the lessor. Improvements made by Davis under this lease, with the knowledge and approval of Harper, gave to Burkitt, the mechanic, a right to file his lien against the land of Harper. The case, both by the language of the statute and the terms and covenants in the lease, bears quite a striking resemblance to the one under consideration. See, also, *Rollin* v. *Cross* (45 N. Y., 766) under the same statute.

The cases cited seem decisive of this appeal and it is not deemed profitable to consider other cases cited by the appellants, decided under other and different lien laws.

We are of the opinion the judgment should be affirmed, with costs against the appellants.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.