HENRY W. OTIS, Respondent, *v.* JAMES M. DODD et al., Appellants.

Under the Mechanics' Lien Law for this State, excepting certain counties (Chap. 489, Laws of 1873, as amended by chap. 233, Laws of 1875), the simple consent of the owner of real estate to the making of any erections or improvements thereon, is sufficient to give one performing labor or furnishing materials therefor, and who has filed the prescribed notice, a lien upon the land; it is not essential that the owner himself should have contracted for the erections or improvements.

Where, therefore, the owners of certain lands leased the same for a term of years, the lessees covenanting to erect certain buildings and structures thereon which at the expiration of the lease should become the property of the owners, and where the plaintiff, under a contract with the lessee, erected the buildings and structures specified, and filed the notice required to effect a lien, *held*, that he thereby acquired a valid lien as against the owners for the balance due him.

(Argued October 23, 1882; decided November 14, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made the first Tuesday of May, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 24 Hun, 538.)

The nature of the action and the material facts are stated in the opinion.

*A. Schoonmaker* for appellants.   One asserting a lien by virtue of the Mechanics' Lien Acts must bring himself within their terms, regularly and strictly.   They cannot be extended by implication. (*Cheyne* v. *Troy Hospital Ass'n*, 65 N. Y. 289 ; *Mushlitt* v. *Silverman*, 50 id. 360 ; *Moore* v. *Mausert*, 5 Lans. 173, 177 ; *Grant* v. *Vandercook*, 57 Barb. 165 ; *Coddington* v. *Dry Dock Co.*, 2 Vroom, 477.)   The word " owner " as used in the Mechanics' Lien Acts of 1873 and 1875, imports an absolute owner. (*Averill* v. *Taylor*, 8 N. Y. 44 ; *Ombony* v. *Jones*, 19 id. 234 ; *Pelton* v. *Westchester Ins. Co.*, 77 id. 605 ; *Dohn* v. *Farmers' Ins. Co.*, 5 Lans. 279 ; *Tyler* v. *Ætna Fire Ins. Co.*, 12 Wend. 513 ; *Hathaway* v. *Payne*, 34 N. Y. 103 ; Kneeland on Mechanics' Liens, 26–30.)   The agreement proved in this case does not contain a building contract. (*Gay* v. *Brown*, 1 E. D. Smith, 725 ; *Miller* v. *Clark*, 2 id. 543 ; *Walker* v. *Paine*, id. 662 ; *Heroy* v. *Hendricks*, 4 id. 768 ; *Hallahan* v. *Hubert*, 11 Abb. [N. S.] 326.)   No lien can be created upon the interest of any person, as owner of the premises, except such person, either by himself or his agent, enters into a contract for doing the work, either express or implied. (*Knapp* v. *Brown et al.*, 45 N. Y. 207 ; *Muldoon* v. *Pitt et al.*, 54 id. 269 ; *Dugan* v. *Brophy*, 55 How. 121 ; *Burbridge* v. *Morey*, 54 id. 446.)

*E. S. Wood* for respondent.   The acts of the owners are sufficient to constitute a consent under chapter 489, Laws of 1873. (*Nellis* v. *Bellinger*, 6 Hun, 560 ; *McGraw* v. *Godfrey*, 14 Abb. [N. S.] 397 ; *Husted* v. *Mathes*, 77 N. Y. 388.)

EARL, J. This action was brought to enforce a mechanic's lien under the act (Chap. 489 of the Laws of 1873, as amended by chap. 233 of the Laws of 1875), which act is applicable to Ulster county.

In 1878 the appellants, Dodd and Ross, were owners in fee of certain real estate situated in Ulster county, and in March of that year they executed a lease of the real estate to the Union Portland Cement Company, a domestic corporation, for the term of seven years, with the right to two renewals of the lease for the term of seven years each. By the terms of the lease, the company covenanted with the lessors, at its own expense, to construct and complete, upon the real estate, some buildings and other improvements necessary for the manufacture of Portland cement. It was also provided in the lease that all of such buildings and improvements should immediately attach to the freehold, become part of the demised premises, not to be removed during, or at the expiration of the lease ; that they were to be kept in repair by the lessee, be replaced by it in case of destruction, and kept insured by it in the name of the lessors in such insurance company and in such amount as they might name.

In May thereafter the company entered into a contract with the plaintiff for the erection of the buildings and structures mentioned in the lease, and he performed the labor and furnished the materials for that purpose, and after the completion of his work there was due him for his work and materials a balance of upwards of $8,000. During the progress of the work on the improvements, and about the time of the commencement thereof, the lessors came upon the premises and advised about the location of the structures, and gave some directions as to the method of their construction. On the 2d day of September, 1878, the plaintiff filed with the clerk of Ulster county the notice required by law to effect a lien upon the premises. This action having been commenced to foreclose the lien, the defendants Dodd and Ross answered, and the issues were referred to a referee, who found in favor of the plaintiff, that the structures and improvements made

upon the premises by the plaintiff were so made in pursuance of an agreement between them and the cement company, and by and with their consent.

The sole question for our determination is, whether, under the circumstances of this case, the simple consent of Dodd and Ross to the making of the erections and improvements upon their real estate was sufficient, under the act referred to, to give the plaintiff a lien upon their interest in the real estate; and the solution of that question depends upon the construction to be given to the first section of the act. That provides that "any person who shall hereafter perform any labor in erecting, altering or repairing any house, building, or building lot in either of the counties of this State (excepting certain counties), or who shall furnish any materials therefor with the consent of the owner, being such owner as is in this section hereinafter described, shall, on filing with the county clerk of the county in which the property is situated the notice prescribed by the fourth section of this act, have a lien for the value of such labor and materials upon such house, building or appurtenances, and upon the lot, etc., upon which the same shall stand, to the extent of the right, title and interest of the owner of the property, whether owner in fee or of a less estate, or whether a lessee for a term of years thereafter or vendee in possession under a contract," etc.

The contention on the part of the appellants is that a lien is given by this section against an owner only who contracts for the work or material, or for whom the work is done, or material furnished; in other words, that the owner must have made a contract with some one for the improvements upon his property, before any lien can be created against his property. We think the plain reading of the statute requires us to hold that it is sufficient to give the lien that the owner consented to the erections and improvements. So far as we have any knowledge such has been the uniform construction of this section by the courts in all the cases which have been brought before them. In *Nellis* v. *Bellinger* (6 Hun, 560) a son employed a mechanic to erect a dwelling-house

upon land which belonged to his father, for his own use and benefit. It was shown that the father consented to the erection of the house, and while he did not contract for the work, or direct it, or in any way become responsible for it, personally, it was held that the mechanic had a lien upon his land for services rendered in the construction of the house. Gilbert, J., in his opinion, said : " The statute now gives a lien, as well when the owner of land consents to the erection of a structure upon it, as when he contracts directly for its construction, and such consent of the owner may be proved by the fact that he entered into such contract, or by other acts or declarations, as well as by direct evidence ;" that "the legislature clearly intended to enforce the equitable principle that one who knowingly takes the benefit of the property or labor of another, in the form of improvements made upon his land, ought to have the land subjected to a lien for the value thereof."

In *Husted* v. *Mathes* (77 N. Y. 388) the case of *Nellis* v. *Bellinger* was cited, and the statute was again construed in the same way. In that case the title to the land was in the name of Mrs. Storms, and the improvements thereon were made by her husband, she simply knowing of them, and consenting thereto, and it was held that her simple consent authorized the lien. Danforth, J., writing the opinion, said that under the statutes, " whenever the owner of land consents to the erection of a building upon it, a lien is given to persons furnishing materials used in its erection;" that " it was not necessary that the owner should have contracted for the materials, and however manifested, the consent of the owner to the erection of the house is sufficient."

In *Burkitt* v. *Harper* (79 N. Y. 273), chapter 478 of the Laws of 1862 (the Lien Act for the counties of Kings and Queens) came under consideration. Section 1 of that act provided that " any person who shall hereafter perform any labor, or furnish any materials in building, altering, or repairing any house, building, etc., by virtue of any contract with the owner thereof, or his agent, or with any contractor or sub-contractor, or any person permitted by the owner of such lands to build,

repair, alter, or improve as aforesaid, within the counties of Kings or Queens, shall, upon filing the notice prescribed in the third section of this act, have a lien for the value of such labor and materials upon such house, building and appurtenances, and upon the lot of land upon which the same stand, to the extent of the right, title and interest, at that time existing, of such owner, in the manner and to the extent hereinafter provided," etc. In that case the owners, Harper and Eldret, had leased certain lands to one Davis, for eight years, at an annual rental, and the lease contained certain provisions as to the erection of buildings, quite similar to those contained in the lease in this case. The lessee erected the buildings, and the contractor who performed the work and furnished the materials for him, filed a lien upon the premises, and it was held that the lien attached to the interest of the owners, on the ground that they had permitted the improvements, and that the lien was valid and enforceable against the land. That case is entirely analogous to this. In the one statute the lien is given when the owner permits the improvements to be made; in the other it is given when he consents that they be made. The same construction of these statutes is fully recognized in the case of *Cornell* v. *Barney* (26 Hun, 134).

The language contained in the two acts to which we have referred differs from that to be found in most, if not all the other lien acts in operation in this State, and hence the decisions made under those other acts can have no bearing, whatever, in the construction of these two acts. These authorities, so directly in point, make it unimportant now to examine the statute under consideration more fully, and must control our decision. We believe they have truly interpreted the intention of the legislature. If the statute is mischievous and impolitic, its operation must not be thwarted by the courts, but its amelioration must be left to the legislature.

The judgment should be affirmed, with costs.

All concur, except TRACY, J., taking no part; ANDREWS, Ch. J., and MILLER, J., concurring in result.

Judgment affirmed.