## Ross *v.* Simon *et al.*

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. MECHANICS' LIENS—ENFORCEMENT—NOTICE.

   Laws N. Y. 1885, c. 342, § 1, (4 Rev. St., 8th Ed., p. 2693,) providing that persons performing work, etc., in erecting any house, etc., "with the consent of the owner," may have a lien on the lot on which the house stands, and (section 4) that the notice of lien shall state "the name of the owner, lessee, general assignee, or person in possession of the premises, against whose interest a lien is claimed," does not require the notice of lien to state, in so many words, that a lien is claimed against the interest of any particular person or owner, but is satisfied when the names of the persons against whose interest the lien is claimed are given with a statement of the facts subjecting their interests to the lien.

2. SAME—PLEADING.

   A complaint, in an action to foreclose a mechanic's lien, which shows that a building has been erected by the lessee of the premises, and that plaintiff did part of the work, and has not been paid, and that the building was erected with the knowledge and consent of the owner, states a good cause of action against the owner, without setting forth how, or under what circumstances, the consent of the owner was given. Reversing 8 N. Y. Supp. 2.

Appeal from city court, general term.

Action by John B. Ross against John Simon, Ignatz Schmitt, Barbara Schmitt, and others, to enforce a mechanic's lien. Defendant Simon demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was sustained both at special and general terms of the city court, and plaintiff again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*James C. Delamare,* for appellant.   *Stephen Philbin,* for respondent Simon.

DALY, J. The owner of the premises demurred because the lien, a copy of which is annexed to the complaint, did not contain the statement that the lien was claimed against the interest of the said owner; also on the ground that the allegation in the complaint that the defendant, the owner, had full knowledge of, and consented to, the doing of the work, was insufficient, there being no averment of any agreement or contract with him. The demurrer was sustained upon both grounds.

The lien act provides that persons performing work, etc., in erecting any house, etc., "with the consent of the owner," may have a lien upon the house and lot wherein it stands, and also provides that the notice of lien shall state "the name of owner, lessee, general assignee, or person in possession of the premises, against whose interest a lien is claimed." Laws 1885, c. 342, §§ 1, 4. In the notice filed by this claimant is a statement that "the name of the owner of the leasehold against whose interest a lien is claimed is Ignatz Schmitt, and the owner of the fee of said premises is John Simon; that the name of the person by whom claimant was employed, and to whom he furnished such

materials, is N. B. Muir; that said labor and materials were done and furnished with the knowledge and consent of John Simon, the owner of the fee of said premises." The notice thus contained a statement of the fact which, by statute, gives a lien upon the interest of the owner, viz., that the work was done with his consent; and such statement is sufficient notice to him and all others that the lien given by statute is claimed against his interest. It is not prescribed that the notice shall state, in so many words, that the lien is claimed against such persons, but that the names of the persons against whose interest the lien is claimed shall be given. If, therefore, the names are given, and the facts subjecting their interests to the lien are stated, the statute is satisfied. The fact that it is expressly stated in the plaintiff's notice that "the names of the owner of the leasehold estate against whose interest a lien is claimed" is not exclusive, and does not stop the lienor from claiming also a lien against the interest of the owner. The case of *Moran* v. *Chase*, 52 N. Y. 346, is in point. That lease arose under the Kings and Queens county act of 1862, (Sess. Laws, c. 478, § 3,) which required the notice to state "the person against whom the claim is made, the name of the owner of the building, and the situation of the building;" and the notice stated that "the name of the person against whom the claim is made is S. B. Vreeland, and the said work and materials so furnished was by and at the request of said S. B. Vreeland," and that the owner was George K. Chase. It was held that a lien was acquired thereunder against Chase, the owner, notwithstanding the statement in the notice that the claim was against Vreeland only. This case is to be distinguished from *Jones* v. *Manning*, 6 N. Y. Supp. 338, cited by appellant; for in that case the decision is put upon the ground that there was nothing in the notice to indicate that the lienor was seeking to place a lien upon the interest of the party named. Here the notice fully apprises all persons of the intent to charge the interest of the defendant.

It remains to be considered whether the allegations of the complaint are sufficient as a statement of a cause of action against Simon, the owner. The complaint sets forth, in substance, that the defendant John Simon was and is the owner of the premises described in the complaint, being a lot of land in the city of New York; that he leased the lot and the house thereon, for the term of 21 years from May 1, 1888, to the defendant Ignatz Schmitt, by instrument duly recorded; that Schmitt assigned the lease to the defendant Barbara Schmitt; that the defendant Muir contracted with her to do certain work, labor, and services, and furnish materials in and about the erecting, altering, or repairing of the house or building on the premises, for the sum of $2,175, and so far completed the same as to become entitled to receive a sum largely in excess of plaintiff's claim, who, under contract with Muir, did certain plastering and furnished materials for the said building for the sum of $245, upon which there is due $120; and that the defendant John Simon, the owner of the fee of said premises, had full knowledge of the erecting, altering, and repairing of said buildings, and consented to the same, and to the performance of the labor and supplying of the materials by the plaintiff as above set forth. The averment is, I think, sufficient, under the statute. It is not necessary to aver how, or under what circumstances, the consent of the owner was given, any more than it would be necessary to set out the particulars of a contract if the averment had been that the work was done under or pursuant to a contract with him. In other words, the evidence in support of the allegation of consent is not to be pleaded. What the liability, if any, of the owner may be found to be, upon the facts proved, is a wholly different question from that before us, which is a matter of pleading only. Under the lien act of 1873, c. 489, giving a lien upon the house and lot where the work is done and materials are furnished "with the consent of the owner," it was held that the simple consent of the owner is sufficient, without proof of a contract by him for the improvements. *Otis* v. *Dodd*, 90 N. Y. 336. In that

case the lease with the owner contained a covenant for the erection of the buildings and improvements, which were to become a part of the freehold, and not to be removed at the expiration of the lease; and the court approves the doctrine in *Nellis* v. *Bellinger*, 6 Hun, 560, that the statute gives a lien as well where the owner consents to the erection of a structure upon his land as where he directly contracts for its construction, and the decision in *Husted* v. *Mathes*, 77 N. Y. 388, where the owner simply knew of the improvements made by her husband upon her land, and consented to them; and it was held that her simple consent authorized the lien. Upon these authorities, it is clear that the allegation of consent on the part of the owner is sufficient by way of pleading. We have not now to deal with the question whether the facts to be proved will bring the case within the authorities holding the owner liable, whether the consent proved does or does not amount to an authorization of the work, as stated in *Ottiwell* v. *Muxlow*, (in this court,) 6 N. Y. Supp. 518. The judgment of the general and special terms should be reversed, and the demurrer overruled, and judgment upon the demurrer in favor of plaintiff ordered, with costs, and, if so adjudged by the city court, with leave to defendant to answer upon payment of costs. All concur.