W. J. ELLIOTT CO., Inc., v. TAPSCOTT et al.

(Supreme Court, Appellate Division, Second Department.   February 19, 1915.)

1. MECHANICS' LIENS (§ 271*)—CONSENT OF OWNER—PLEADING.
     To base a statutory lien for work performed on consent or permission,
the facts must be alleged in the complaint.
     [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–
513;  Dec. Dig. § 271.*]

2. MECHANICS' LIENS (§ 304*)—WORK PERFORMED BY PERMISSION—DEFICIENCY
   JUDGMENT.
     A statutory lien for work performed merely on consent or permission
does not justify a judgment for deficiency, as the owner of the property in
such case is not a debtor.
     [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 632–
635;  Dec. Dig. § 304.*]

3. MECHANICS' LIENS (§ 281*) — CONSENT OF OWNER — SUFFICIENCY OF EVI-
   DENCE.
     Consent or permission to perform work as a basis for a statutory lien
is not made out by the statement of a witness that he saw the party to be
charged on the premises.
     [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–
572;  Dec. Dig. § 281.*]

Appeal from Nassau County Court.

Action by the W. J. Elliott Company, Incorporated, against Lillian
E. Tapscott and E. Louise Tapscott.   From a judgment for plaintiff,
defendants appeal.   Affirmed as to E. Louise Tapscott, and reversed
as to Lillian E. Tapscott.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

Frederick W. Griffin, of New York City, for appellants.
Eugene L. Flanagan, of Brooklyn, for respondent.

PER CURIAM.   [1-3]   While the finding is justified that the hus-
band acted as the agent of his wife, E. Louise Tapscott, it is not prov-
en that he was the agent also of the other defendant, and the finding
and judgment in that respect are erroneous.     Although the finding
and judgment as to both defendants proceed upon the theory that the
work was done at the request of the defendants, it is urged in this
court that the defendants are liable because they permitted the work
to be done, thereby subjecting the property to the statutory lien.   But
the complaint proceeds on contract.   But, to base a lien on consent
or permission, the facts must be alleged in the complaint (Burkitt v.
Harper, 79 N. Y. 273), inasmuch as the cause of action would not be
upon contract; nor is the owner of the property in such case a debtor,
nor may a judgment for deficiency be entered against her (Husted v.
Mathes, 77 N. Y. 388–390).   The evidence of consent on the part of
Lillian E. Tapscott is limited to the statement: "I also saw the other
lady; but Mrs. Tapscott gave me the orders."   The witness proba-
bly meant to imply that he saw her on the premises.   The evidence is
quite insufficient.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judgment as to E. Louise Tapscott should be affirmed, with costs; but as to Lillian E. Tapscott it is reversed, and a new trial ordered, costs to abide the final award of costs.