James H. Tower Iron Works
vs.
B. R. Realty Company

Eq. No. 7840

October 8, 1927.

BAKER, J. Petition for mechanic's lien.

In this matter it appears that the respondent is the owner in fee of the real estate involved. It raises no question as to the doing of the work or the amount charged for the same or as to the regularity of the proceedings.

From the evidence it appears that the respondent leased for a considerable period of years the property in question to one Radding, which lease was duly recorded some little time before the petitioner began its work. The evidence also shows beyond dispute that the petitioner had no direct dealings of any kind with the respondent, or any of its officers, in connection with the work involved, but did transact its business either with Radding, the lessee, or the Radding Construction Company, or both, the latter being the contracting company doing the work in question.

The principal point involved here is whether or not Section 2 of Chapter 301 of the General Laws 1923 has been complied with so as to hold the respondent the owner in fee of. the property for the lien sought by the petitioner. This section states in substance that only the interest of the lessee shall stand pledged for the work and materials "unless the consent in writing of such landlord is first obtained, assenting to such construction, erection or reparation, and acknowledging his estate to be also holden for the payment thereof."

The respondent contends that in no way has this latter portion of Section 2 been complied with, and that it is not liable for the petitioner's bill.

The latter urges that under the proper construction of said section, taking all the facts of the case into consideration, the respondent's interest should stand pledged for the work and materials furnished.

At the outset it is well settled that lien proceedings should be strictly construed being in derogation of common law rights.

    *McParlin* vs. *Thompson*, 32 R. I. 291.

Further, it is obvious that as the lien statutes and proceedings differ widely in different states the value of decisions for other jurisdictions as pointed to the proper construction of the law here is more or less problematical.

The petitioner urges very strongly that the provisions of the lease between respondent and Mr. Radding, wherein the latter convenanted to make certain repairs and changes upon the respondent's property (lease, paragraph 6), and the provisions relating to a bond covering the same, constitute the consent in writing and the acknowledgment called for by Section 2 supra. In support of his claim the petitioner cites to the Court a line of cases which to a certain extent supports its position.

    *Jones* vs. *Menke*, 168 N. Y. 61;
    *Otis* vs. *Dodd*, 90 N. Y. 336;
    *Burkitt* vs. *Harper*, 79 N. Y. 273;
    *Bentley, et al.* vs. *Adams, et al.*, 92 Wis. 386;
    *Cary-Lombard Lumber Co.* vs. *Jones*, 187 Ill. 203;

See also *Cornell* vs. *Barney*, 94 N. Y. 394.

Keeping in mind the difference in the form of the lien statutes and the fact that apparently the New York statute itself has been changed several times, the general trend of these cases undoubtedly is that the execution of a lease similar to the lease in the case at bar is construed to be a consent on the part of the landlord to the doing of the work in question, the respondent has cited several cases which seem to hold otherwise.

    *Conant* vs. *Brackett*, 112 Mass. 18;
    *Jersey Co.* vs. *Davidson*, 29 N. J. 415;
    *Dierks & Sons Lumber Co.* vs. *Morris*, 170 Mo. Ap. 212.

After considering carefully the form of our statute and the decisions thereon, the Court has very serious doubt in its mind whether or not the execution of such a lease providing for improvements as appears in the case at bar constitutes the necessary consent in writing by the owner of the property called for by the section in question.

Assuming, however, for the purposes of argument that it can be held that the lease in this case meets the requirements of the statute as to the consent in writing, can it be said that the latter portion of said section in relation 'to the acknowledgment that the owner's estate be also liable is complied with? The petitioner argues that this acknowledgment need not be in writing; that it may be by acts, general conduct or implied from the situation of the parties, and that in this case the whole dealings of the parties in the matter, the execution of the lease, and the bringing of suit in the Federal

Court on a bond, constitute the necessary acknowledgment.

The respondent strenuously disputes this position.

After giving the matter careful consideration, the Court has come to the conclusion that the acknowledgment referred to in said section should be in writing. The whole make-up and general construction of the section leads the Court to this belief. That being so the question would seem to be whether or not the lease executed by the respondent to Mr. Radding, containing the provisions for repairs and improvements and for a bond, constitutes the necessary acknowledgment. The Court finds that in no way can it be so considered. The statute apparently calls for two distinct acts on the part of an owner; first, the consent in writing to the doing of the work, and, secondly, the acknowledgment that his estate is to be holden for the payment thereof as well as the lessee's interest. There is no question but what the consent and acknowledgment are two entirely different things. A man might well consent to the doing of certain work without in anyway acknowledging that his estate be bound to pay for the same, and in the opinion of the Court the statute has made it very clear that both of these steps must be taken before the owner's interest in the property becomes liable for the lien.

Further it is a question under the statute to whom such consent and acknowledgment should be given. The Court is inclined to believe that the intention of the framers of the statute was that it be given to the person doing the work, which in this case would be the petitioner.

The lease in question here was, of course, between the respondent and Mr. Radding, and the petitioner was no party to it.

The testimony shows clearly that, as far as the doing of the work was concerned, there was no direct connection between the petitioner and the respondent or any of its officers. In fact, the petitioner in its petition alleges that it had its contract with the Edward Radding Construction Company.

In view of the above conclusion, therefore, the Court finds that Section 2 of Chapter 301 of the General Laws, 1923, has not been so complied with as to allow the petitioner to charge the interest of the respondent, the owner in fee of the property in question, with its lien.

The petition for a lien is therefore denied and dismissed.

For petitioner: Lyman & McDonnell and Arthur J. Levy.

For respondent: P. C. Joslin, A. L. Churchill, Tillinghast and Collins.