Merwin, J.
—The statute that controls the case is chapter 402 of Laws of 1854, as amended and supplemented in 1873 (c. 489), and 1875 (c. 233). By section 4 of that act, the notice of lien must be filed “ within sixty days after the performance and completion of such labor, or the final furnishing of such materials.” *359 It is, therefore, necessary for the plaintiff to establish that his contract or employment was continuous from the Fall of 1882, to May 3, 1884 ; in other words that his contract or job was not completed until the trails action of May 3, 1884; that the latter related only t< the fixing in place of the iron pipe furnished September 7, 1883, so that then the question would be whether the pipe was furnished as a part of the contract of the Fall of 1882.
According to Mr. Duffy’s evidence, there was no definite arrangement in the Fall of 1882 about the pipe. He says that it was talked about, and that Mr. Baker decided either to have the pipe or put up certain brick work or move certain apparatus. None of this was done, and the pipe was not ordered. A smoke pipe was then put up and was used daring the following winter, in the place where it was talked about the iron pipe being put.
The plaintiff went on and did work and furnished materials to the amount of $362.09 after deducting credits. Nothing further was said or done about the, iron pipe, and on August 18, 1883, the plaintiff rendered his account. At that time, apparently, if not before, the transaction between plaintiff and Mr, Baker was completed.
The plaintiff had done all he had agreed to do, and there was no obligation on him to furnish the pipe or do anything about it, nor was Mr. Baker bound to have it or to order it. There was, therefore, no continuous contract by which the prior account can, for the purpose of filing a lien, be deemed as continuous down to September 7, 1883.
At the time the pipe was ordered and was sent to the defendant, there does not seem to have been any arrangement by which the plaintiff was to see to iis being put up. Some time in October, the plaintiff mid one of his men happened to be at the defendant’s swn a *360 Sunday in the absence of Mr. Baker, and. put up the pi m at the request or for the convenience of Mrs Baker. No claim is made by the plaintiff for this, but the plaintiff claims tit it, then the pipe was but partially fixed, and that. Mrs. Baker requested him to have it thereafter completed. It was not done that Fall.
On February 7, 1884, the plaintiff takes of Mi-Baker his negotiable note at two months, for $381.09, being the amount of the prior account and the cost of the pipe. On its face, that would look as if both ■parties then considered their dealings closed. This note not being paid, the plaintiff asks the defendant Mrs. Baker to indorse a renewal. This she declines to do. Then the work and materials in the item of $4.10, May 3, 1884, were done and furnished.
A careful consideration of the evidence leads me to the conclusion that the transaction of May 3, 1884. was not of such a.character as to draw with if tin-right then to file a lien for the prior account. What was done at that date was not done at the request of Mi-. Baker, or in performance or completion of any contract then existing between plaintiff and Mr. Baker, but was rather a voluntary matter on the part of the plaintiff, undertaken by him for the purpose of acquiring a lien, if he could, on Mrs. Baker’s property, for the prior account for which Mrs Baker had refused to become liable.
I do not think that a lien can be obtained in that way. It may be that Mrs. Baker, having had the benefit of plaintiff’s work and materials, ought to compensate him therefor, but the only question for me to decide is whether he has a lien.
In my opinion, he has not. I do not understand I hat any personal judgment is claimed against Mr. Baker. It probably would not be authorized in this form of action (Weyer v. Beach, 79 N. Y. 409).
*361 It follows that the action cannot be maintained, and that the complaint should be dismissed, with costs to the defendant, Mrs. Baker.