GEORGE H. McLEAN, Appellant, *v.* HELEN M. H. SANFORD and JOHN A. ROOSEVELT, Executor and Trustee under the Will of CATHARINE L. BUTLER, Deceased, ELIZABETH TEN EYCK STUYVESANT, ANNIE E. STUYVESANT and WILLIAM C. HUDSON, Respondents.

*Mechanics' liens — the time to file a lien is not extended by slight repairs ordered and made four months after the completion of the original contract — repairs ordered by a tenant who is to be made an allowance for them out of the rent — they are made with the consent of the owner.*

The statutory period of ninety days after the completion of a contract, within which a mechanic's lien must be filed, cannot be extended by proof that, about four months after the work had been done, and after the contractor had taken a note for a balance due for such work, the contractor was ordered to make a very slight repair which was not made in continuance of the original contract.

*It seems,* that where a lease stipulates that the tenant may retain, from his own rent and that of another tenant payable to him, a definite amount for repairs and renovations, repairs made in pursuance thereof, to the extent in cost of the limit fixed, are made with the consent of the owner within the meaning of the Mechanics' Lien Law (Laws of 1885, chap. 342, § 1, as amended by the Laws of 1888, chap. 316).

APPEAL by the plaintiff, George H. McLean, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Dutchess on the 26th day of

December, 1895, upon the decision of the court rendered after a trial before the court without a jury dismissing the complaint.

This action was brought to recover the amount of a mechanic's lien filed by the plaintiff's assignor against premises belonging to the defendants other than the defendant William C. Hudson.

*A. M. & G. Card,* for the appellant.

*Milton A. Fowler,* for the respondents.

Judgment affirmed, with costs, on the opinion of Mr. Justice BARNARD at Special Term.

All concurred.

The following is the opinion of Mr. Justice BARNARD:

BARNARD, J.:

William C. Hudson took a lease from the Stuyvesant heirs of their place in Hyde Park, known as Edgewood, for the term of three years, from the 1st of May, 1893. The tenant was to pay $1,100 a year monthly in advance. A part of the premises was rented by the heirs to Mr. Mund for agricultural purposes at the rent of $325, payable June 1, 1893. The Mund lease began to run the 1st of April, 1893, and Hudson was to be entitled to the rent from Mund. By the Stuyvesant lease to Hudson the tenant was to do certain work at his own expense, but Hudson was empowered to do certain other work termed " repairs and renovations " in his own discretion, and the owner was to allow him a sum not exceeding $500. This sum was to be taken from the Mund rent and the first two months of the Hudson lease. The plaintiff's assignor did plumbing work and furnished material to the amount of $543.23 ; all this work was completed on the 3d of June, 1893. On the 1st of June, 1893, Hudson asked him for the bill in duplicate, so as to turn in one of the copies to the owners. On the 6th of June, 1893, the plumber took a note from Hudson at three months' time for the sum of $543.23. When the note matured $100 was paid on it by Mr. Hudson, and the note renewed for another three months for the balance. Twenty dollars has been paid on this latter note, and the remainder is unpaid. When the first note was given, Mr. Hudson had in his hands $508.33, made

up of the Mund rent and the May and June rent in advance under the lease to him.

There can be no reasonable doubt that these repairs were done with the consent of the owner under chapter 342, Laws of 1885, as amended by chapter 316, Laws of 1888. (*Burkhitt* v. *Harper*, 79 N. Y. 273; *Otis* v. *Dodd*, 90 id. 336; *Cowen* v. *Paddock*, 137 id. 188.)

Mr. Hudson was not a contractor within the meaning of the lien act. He was rather the agent of the owner to make such repairs as he wished to make, but limited as agent by the owner to the amount of $500. There was no privity of contract between the owner and the claimant, but such privity is not called for by the act under the written consent of the owner.

The remaining question is whether the lien was filed in time. The lienor had ninety days in which to file the lien from the 3d of June, 1893. On the 29th of September, 1893, Mr. Hudson requested the lienor to put the furnace in order for the winter. This was an old furnace, and needed a water glass of the value of twenty-five cents, which, with the labor, amounted to one dollar and fifteen cents. This need was not anticipated when the work was done in the spring, and was not in continuation of any work done upon the furnace then.

Mr. Doherty, the lienor, knew of the $500 limitation, or ought to have known of it. (*Spruck* v. *McRoberts*, 139 N. Y. 193.)

The limitation had been reached before the small charge was made almost four months thereafter, and after the preceding account had been adjusted and settled, and Hudson's note taken for it.

There was, therefore, no continuous contract by which the prior account can for the purpose of filing a lien be deemed as continuous. (*Duffy* v. *Baker*, 17 Abb. N. C. 357.)

For the reason, therefore, that as to the old bill the lien was not filed in time, and as to the September item it was not furnished under the consent of the owner, the complaint should be dismissed, with costs.