HOWARD S. JONES, Appellant, *v.* JOHN F. MENKE, Respondent, and C. J. PURCELL COMPANY, Appellant, Impleaded with Others.

MECHANIC'S LIEN LAW — CONSENT OF OWNER. A provision in a lease that the " premises are to be fully fitted up and completed for the liquor and restaurant business contemplated to be carried on at said premises within three months from date, and should the tenant fail or neglect to have the same fully fitted up within said three months then this lease to be null and void," requires the tenant to improve the demised portion of the building itself and not simply to supply trade fixtures suitable for carrying on the business of a saloon, and constitutes, under the Mechanics' Lien Law (L. 1885, ch. 342), a sufficient consent of the lessor to charge the property with claims which accrue in making the improvement.

*Jones* v. *Menke*, 36 App. Div. 636, reversed.

(Argued June 12, 1901; decided July 10, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 20, 1899, reversing a judgment in favor of plaintiff and defendant C. J. Purcell Company, entered upon a decision of the court on trial at Special Term in an action to foreclose a mechanic's lien, and granting a new trial.

The facts, so far as material, are stated in the opinion.

*Samuel D. Levy* for plaintiff, appellant. The Appellate Division has reversed the judgment below on the law, but has affirmed the facts. (Code Civ. Pro. § 1338; *N. W. P. Co.* v. *Sire*, 163 N. Y. 122; *Matter of Laudy*, 148 N. Y. 403; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Spence* v. *Ham*, 163 N. Y. 220.) The facts having been established in

favor of the plaintiff and the defendant lienor, the consent of the defendant owner of the building is necessarily implied from these established facts. (*Steeves* v. *Sinclair*, 67 N. Y. Supp. 776; *Schmalz* v. *Mead*, 125 N. Y. 188; *Miller* v. *Mead*, 127 N. Y. 544; *Cowen* v. *Paddock*, 137 N. Y. 188; 33 N. E. Rep. 154; *N. W. P. Co.* v. *Sire*, 163 N. Y. 122; *Hankinson* v. *Vantine*, 152 N. Y. 20; *De Klyn* v. *Simpson*, 34 App. Div. 436.)

*Edward A. Pfeffer* for defendant, appellant.    By the lease there is not only an express consent to make improvements, but an absolute direction to make them.    (*Spruck* v. *McRoberts*, 139 N. Y. 193; *Ottiwell* v. *Muxlow*, 6 N. Y. Supp. 518; *Mosher* v. *Lewis*, 10 Misc. Rep. 373; *Pell* v. *Baur*, 133 N. Y. 382; *Cowen* v. *Paddock*, 137 N. Y. 193; *Otis* v. *Dodd*, 90 N. Y. 336; *Husted* v. *Mathes*, 77 N. Y. 388.)

*William J. Lippmann*, for respondent.    In construing the clause which provides that the premises should be fully fitted up and completed by the tenant for a saloon and restaurant business contemplated to be carried on upon said premises, the whole lease should be taken into consideration, and that clause should be construed in connection with the clause which provides that no alterations should be made without the written consent of the landlord.    The tenant being forbidden from making any alterations, the clause providing for fitting up the place as a saloon should be construed as referring and applying to bar fixtures and the necessary furniture of a saloon, but not to alterations to the realty which are expressly forbidden.    (*Havens* v. *W. S. E. L. & P. Co.*, 49 N. Y. S. R. 771; 143 N. Y. 632; *Spruck* v. *McRoberts*, 139 N. Y. 193; *Cowen* v. *Paddock*, 137 N. Y. 188.)

CULLEN, J.    This action was brought to enforce a mechanics' lien against real property of the respondent situated in the city of New York, leased by him to the defendant Susan Murray.    The lease provided that the demised premises should " be used and occupied as a first-class saloon and restaurant

upon the conditions and covenants following." One of these covenants was: "It is understood and agreed that the said premises are to be fully fitted up and completed for the liquor and restaurant business contemplated to be carried on at said premises within three months from date, and should the tenant fail or neglect to have the same fully fitted up within said three months, then this lease to be null and void and of no effect as between the parties hereto." Murray entered into the possession of the premises under the lease and proceeded to repair the premises for a saloon. Under contracts with Murray the plaintiff furnished beveled plate glass windows, and the appellant defendant, the C. J. Purcell Company, laid a tile floor. The tenant failing to pay for the work, these parties filed mechanics' liens to which they sought to subject the interest of the owner of the premises, the respondent on this appeal, on the ground that the labor and materials for which the liens were filed were furnished and performed with his consent. The Special Term rendered judgment in favor of the plaintiff and the defendant, the Purcell Company. The Appellate Division reversed this judgment and ordered a new trial.

As the order of the Appellate Division does not state that the reversal was upon the facts, under the Code we must assume that it was granted for errors of law alone. (Code of Civil Procedure, section 1338.) The facts must, therefore, stand as found by the trial court, unless any of such findings is entirely without evidence for its support. The learned judge at Special Term found that the work and materials rendered and furnished by the appellants was so done with the consent and approval of the respondent, and if there is evidence to support this finding the order of the Appellate Division cannot be sustained unless error has been committed in rulings on the admission of evidence. Under the Mechanics' Lien Law of 1885 (Chap. 342), the interest of an owner in real property is chargeable with the value of work performed or materials furnished in the erection or repair of any building thereon when the same is so performed or fur-

nished with his consent, and a requirement in a contract
between vendor and vendee or between landlord and tenant,
that the vendee or tenant shall make ·certain improvements
on the premises is a sufficient consent· of the owner to charge
his property with claims which accrue in making those
improvements (*Schmalz* v. *Mead*, 125 N. Y 188; *Miller* v.
*Mead*, 127 N. Y. 544; *Burkitt* v. *Harper*, 79 N. Y. 273;
*Otis* v. *Dodd*, 90 N. Y. 336), though it would not render his
property liable for improvements or alterations beyond those
specified in the contract. (*De Klyn* v. *Gould*, 165 N. Y.
282.) In the present case the lease provided that the tenant
should fully fit up and complete the premises for the liquor
and restaurant business within three months from the date
of the lease. The learned counsel for the respondent con-
tends that this covenant required the tenant only to supply
trade fixtures suitable for carrying on the business of the
saloon, and not to make any alterations or improvements in
the building itself. We do not so construe this agreement.
It was expressly provided that if the demised premises were
not fitted up and completed within three months the lease
should become void. If this provision related only to trade
fixtures, the title to which would remain in the tenant, and
which he would have the right to remove during his term, it
is difficult to see what interest the landlord had in the subject
or why a failure to perform the agreement should terminate·
the lease. If, however, the premises themselves were to be
decorated and improved so as to be appropriate for the con-
duct therein of a restaurant and saloon, then the covenant on
the part of the tenant was a substantial part of the considera-
tion of the lease and the landlord might well insist that unless
it was performed the lease should be abrogated. We think
that the trial court properly construed this covenant as requir-
ing the tenant to improve the demised portion of the building
itself. The evidence tended to show that the work and
materials furnished by the respective lienors were proper and
necessary to fit the premises for saloon and restaurant pur-
poses and were reasonable in character and in cost. It was,

therefore, properly held that the respondent had consented to them and that his property was chargeable with their value.

It may be questioned whether the case does not contain other evidence sufficient to charge the respondent with consent under our decision in *National Wall Paper Co.* v. *Sire* (163 N. Y. 122), but the construction we have given the lease renders a discussion of this subject unnecessary. The exceptions to rulings of the trial court on the admission of evidence present no question of sufficient importance to justify a reversal of its judgment, even if those rulings were erroneous, which we think not.

The order appealed from should be reversed and the judgment entered on the decision of the Special Term affirmed, with costs.

O'BRIEN, BARTLETT, HAIGHT, VANN, LANDON and WERNER, JJ., concur.

Ordered accordingly.