(43 Misc. Rep. 276.)

### BERNARD et al. v. ADJORAN et al.

#### (Supreme Court, Trial Term, Franklin County.   March, 1904.)

1. MECHANIC'S LIEN—PRIORITIES.

   A contract for the sale of six lots of land gave the vendees the immediate possession, and required them to pay the price and take title in 60 days, and to erect thereon within a fixed time a hotel, and give a bond guarantying such erection. *Held* not to show any intent that the hotel should be erected before title passed, so as to give a contractor who began a stone foundation for the hotel on one lot before default by the vendees in the payment of the price a lien on the lot on which the foundation was begun, as against the unpaid vendors.

2. SAME—CONSENT OF LANDOWNER.

   Where an owner of land contracts for its sale and payment within 60 days, and that the vendee shall erect a hotel thereon, giving possession immediately, it is not a consent on the part of the vendors that work upon the hotel shall begin at once, and on their account.

Action by Sidney W. Bernard and others against Julius Adjoran and others.   Judgment for plaintiffs.

Badger & Cantwell, for plaintiffs.
J. C. Little, for defendants.

JOHN M. KELLOGG, J.   By contract dated September 27, 1902, the plaintiffs sold lots 141, 142, 161, 162, 143, and 121 to the defendant Adjoran and De Tonnesy for $1,000, $1 of which was acknowledged as paid, the balance to be paid 30 days from that date, when the deeds were to be given and the bond hereinafter mentioned delivered, the vendees to have immediate possession. The contract provided that the vendees were to build a hotel upon the premises with at least 100 rooms, at a cost of not less than $50,000, within one year from its date, and at the time of the payment of the purchase price give a surety company bond for $10,000 guarantying the erection of the hotel.   By an amendment to the contract during the 30 days, the time for the payment of the purchase price and the giving of the bond and deed was extended a month longer, and the time for the completion of the hotel to April 27, 1904.   The defendant Lantry, under contract with the vendees, began building the stone foundation for the hotel November 8, 1902, stopping work January 26, 1903, no payments being made him.   The purchase price was never paid or the bond given, and no other work was done toward the erection of the hotel.   The work done is no benefit, but practically an injury, to the property sold. This action is brought by the plaintiffs to foreclose the contract, and the defendant Lantry claims a lien prior to the plaintiffs' rights upon lot 162, upon which he did the work, for $1,250, the amount his due. He relies with confidence upon Jones v. Menke, 168 N. Y. 61, 60 N. E. 1053, and, while there are no acts outside of the contract showing that the plaintiffs, as owners, consented to the doing of the work, contends that the contract itself is such consent.   It is evident by the terms of the contract of sale that it was not intended that the hotel should be built before the purchase price was paid and the bond and deeds given.   And as a matter of fact in the erection of such a hotel, it is

probable sufficient work upon the premises could not be done within 30 days to make any valuable improvements to the property. So that we must assume that the parties to the contract did not intend any improvement to the property while it was owned by the vendors so that the vendors' lien for the purchase price would be materially improved or benefited thereby. It does not appear that the plaintiffs owned any other land in the vicinity, or had any pecuniary interest in having this hotel built. The vendees had probably obtained some concession by the contract in consideration that a hotel °was to be built upon the premises, and it is fair to assume that the vendors only had in contemplation the benefits the public was to derive from the improvement. In the cases where a vendee or tenant by his contract agrees to make improvement upon the property, where it is held that the work performed in making them becomes a lien prior to the vendor or landlord's rights, (1) the contract contemplates that the improvements are to be ultimately for the benefit of the landlord, or to enhance and benefit the security of the vendor, as explained in Vosseller v. Slater, 25 App. Div. 368, 49 N. Y. Supp. 478, affirmed in 163 N. Y. 564, 57 N. E. 1127. Such was the case in Jones v. Menke, supra; National Wall Paper Co. v. Sire, 163 N. Y. 122, 132, 57 N. E. 293; Rice v. Culver, 172 N. Y. 67, 89, 64 N. E. 761; or (2) the vendor or landlord, by affirmatively engaging in or encouraging the improvements, has misled the mechanic so that it would be inequitable if the vendor were allowed to change his position. National Wall Paper Co. v. Sire, above; De Klyn v. Gould, 165 N. Y. 282, 287, 59 N. E. 95, 80 Am. St. Rep. 719.

In the De Klyn Case the court, distinguishing that case from the National Wall Paper Co. Case, says, at page 287, 165 N. Y., page 97, 59 N. E.:

"The case before us lacks these features, and has no element tending to show that the lessor misled her tenant to his extravagant outlay. This case, as well as the others it cites, indicates that mere acquiescence in the erection or alteration, with knowledge, is not sufficient evidence of the consent which the statute requires. There must be something more. Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner. It is affirmative in its nature. It should not be implied contrary to the obvious truth, unless upon equitable principles the owner should be estopped from asserting the truth."

And the court there held the lien ineffectual against the landlord, the lease providing that the tenant should, at his own expense, make certain specified improvements, which would cost about $10,000. The tenant made the agreed improvements and others costing in all $26,500, and paid about $13,000 thereon, leaving a balance due of $13,500. It was held the owner had not consented to the improvements within the meaning of the lien law.

In Rice v. Culver, 172 N. Y. 60, 64 N. E. 761, where property was leased for an athletic field, "to be returned in as good condition as when taken, except the trees necessarily removed by the lessee in preparing the property for its use," the vendee knew that extensive improvements were being made, and requested the local authorities to furnish the premises with water for use in and about the improvements,

and it was held that the expenses of preparing the property for use were not made with the consent of the owner within the meaning of the lien law.

In Beck v. Catholic University, 172 N. Y. 387, 65 N. E. 204, 60 L. R. A. 315, where the vendee was given immediate possession "for the purpose of erecting a building thereon," it was held that he had not consented to the erection of the building.

In Vosseller v. Slater, above, where the vendee had a right to remove a building to another place upon the premises, it was held that the owner had not consented to the removal within the meaning of the lien law, it remaining entirely optional with the vendee whether he would remove it or not.

Here there are no equitable considerations in favor of the defendants. They are relying upon the strict letter of the contract, evidently having ascertained its terms since the work was done, as it does not appear that they had any information upon the subject before. It would seem that ordinary self-protection would indicate that they should make some inquiry as to the situation before they entered upon the work. Having failed to make such inquiry, they are fairly presumed willing to take their chances. Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292. It is only possible to assume that the erection of the hotel was to begin before the payment was made and deed given from the fact that the vendees were to have possession immediately. But they were given possession not only of the hotel lot, but of the other five lots, and from the mere fact that such possession was permitted before payment I cannot say that the parties contemplated that the work should begin at once, and that the contract itself was a consent by the vendors to the erection of this hotel upon their land, or in any way upon their account. That both parties understood the hotel was a matter of the future, after payment of the purchase price, appears from the provisions requiring the bond.

I therefore hold that the owners, the vendors, did not consent, within the meaning of the lien law, to the erection of this hotel upon lot 162. The findings will provide for the foreclosure of the contract, and that all the lots except 162 be first sold, the proceeds applied to the payment of the costs and the contract debt, and, if such proceeds are not sufficient to pay the same, then that lot 162 be sold, and so much of the proceeds as is necessary applied to satisfy the balance of the plaintiffs' claim, and that any surplus therefrom be applied to the payment of the lien of the said Lantry.

Ordered accordingly.