### MEISTRELL v. BALDWIN.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

MECHANICS' LIENS (§ 58*)—ESTATES SUBJECT TO—LEASEHOLDS—STATUTORY PROVISIONS.

Under Lien Law (Laws 1909, c. 38 [Consol. Laws 1909, c. 33]) § 3 providing that contractors, etc., who perform labor or furnish materials for the improvement of real property, with the consent or at the request of the owner, shall have a lien, where a lease provided that the lessee should have a steam-heating plant installed in the premises, for which he was to be allowed $200 per month, to be deducted from the rent, the provision of the lease and the direction of the lessor that plaintiff contract with the lessee for the work was a sufficient consent to entitle plaintiff to a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 72, 73; Dec. Dig. § 58.*]

Appeal from Municipal Court of New York.

Action by Henry F. Meistrell against Virginia W. Baldwin. From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Cornelius Furgueson, Jr., for appellant.

Jacob H. Corn, for respondent.

HIRSCHBERG, J. The defendant is the owner of certain premises in the borough of Brooklyn, which were leased by her to a tenant named Quimby for the period of three years, commencing April 1, 1908. The tenant remained in possession for about two years, when he abandoned possession, and since that time they have been in the possession of another tenant of the defendant. In the latter part of the month of December, 1909, Quimby employed the plaintiff to install a heating apparatus in the premises, and the work was completed about a month before Quimby left. He failed to pay anything for the work, and this action is brought to foreclose a mechanic's lien placed upon the premises, and is instituted against the defendant on the theory that she consented to the improvements and became thereby liable for their cost. The complaint was dismissed at the close of the plaintiff's case, on the ground that the facts did not establish a cause of action.

The provisions of the statute involved in the controversy are contained in section 3 of the lien law (Laws 1909, c. 38 [Consol. Laws 1909, c. 33]), and are as follows:

"Mechanic's Lien on Real Property.—A contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

It was clearly established by the evidence that the lease between the defendant and Quimby provided in express terms that he should have a steam heating plant installed in the premises, for which he was allowed the sum of $200 per month by way of deduction from the rent. It further appeared without dispute that the defendant called on the plaintiff and sent him to Quimby to make the contract for the work. It also appears that the plaintiff had done some work of similar character for the defendant in other premises. She told the plaintiff that she was so well pleased with the work that she wanted the same kind done in the premises occupied by Quimby, that it was necessary that heating apparatus should be placed there, that she wanted him (the plaintiff) to do the work, and she asked him to go to Quimby to get the contract, and to tell Quimby that she had sent him there. The plaintiff thereupon saw Quimby, secured the contract, and performed the work, as has been stated; but his demand for payment from Quimby was refused.

The case as made out by the plaintiff establishes a cause of action. The provision in the lease in reference to the work and the act of the defendant in directing it constitute a sufficient consent within the pur-

pose and requirements of the statute. In Schmalz v. Mead, 125 N. Y. 188, 193, 26 N. E. 251, 253, the court said:

"It was the design and purpose of the statute to charge the land with debts contracted in improving it by the erection of buildings thereon in case the owner consented or permitted the work to be done, although under an agreement made with the vendee under an executory contract."

In McLean v. Sanford, 26 App. Div. 603, 51 N. Y. Supp. 678, it was held that, where a lease stipulates that a tenant may retain from the rent a definite amount for repairs and renovations, repairs made in pursuance thereof, to the extent in cost of the limit fixed, are made with the consent of the owner, within the meaning of the mechanic's lien law.

In N. Y. Elevator Supply Co. v. Bremer, 74 App. Div. 400, 402, 77 N. Y. Supp. 509, 510, it was held that where a lease contained a covenant by which the lessees agreed to install a steam heating and elevator plant upon the premises at their own expense, the plant to belong to the lessors at the completion of the term, and the lessees entered into a contract for the work, with the knowledge of the lessors, the inference was justified that the work was done with the consent of the lessors, rendering the property subject to a mechanic's lien for the cost of the work. The court said:

"The lease in this case having provided that the tenants should put in a steam-heating and elevator plant and make other repairs during the term of the lease at their own cost and expense, such improvements to belong to the lessors upon the expiration of the lease, coupled with the fact that the agent of the lessors had notice of the contract which had been made with the tenants by the plaintiff, is undoubtedly sufficient from which to infer a consent upon the part of the owners to make such improvements, and thereby made the property subject to a mechanic's lien under the terms of the statute providing therefor. Laws of 1897, c. 418, art. 1; Jones v. Menke, 168 N. Y. 61 [60 N. E. 1053]; National Wall Paper Co. v. Sire, 163 N. Y. 122 [57 N. E. 293]; Burkitt v. Harper, 79 N. Y. 273."

In Tinsley v. Smith, 115 App. Div. 708, 101 N. Y. Supp. 382, it was held that, while the consent of a landlord to repairs made by a tenant, so as to warrant the filing of a mechanic's lien against the landlord, must be shown by more than a mere passive acquiescence, and his actual and express consent is necessary, such consent may be sufficiently evidenced by a covenant by the tenant to repair.

In Jones v. Menke, 168 N. Y. 61, 60 N. E. 1053, it was held that a provision in a lease that the demised premises should be fitted up by the tenant for the business designed to be carried on by him constitutes, under the mechanic's lien law, a sufficient consent of the landlord to charge the property with claims which accrue in making the improvement.

Aside from the provision contained in the lease in question, the authorities are substantially uniform in holding that the act of the defendant in directing the making of the contract in question was a sufficient consent on her part to charge her property with the cost of the improvement.

In Butler v. Flynn, 51 App. Div. 225, 64 N. Y. Supp. 877, this court held that the consent clause referred to is based "upon the equitable principle that one who knowingly receives the benefit of the labor

or property of another, in the form of improvements upon his land, ought to have his property subjected to a lien for the value of such improvements." In that case the mere inspection of the contract, plans, and specifications, with permission given for the performance of the work, was held an adequate compliance with the requirements of the statute.

In Husted v. Mathes, 77 N. Y. 388, the consent was implied from the owner's knowledge of the performance of the work and the absence of any objection made.

In Otis v. Dodd, 90 N. Y. 336, it was held that the simple consent of the owner of real estate to the making of any erections or improvements thereon is sufficient to give one performing labor or furnishing materials therefor, and who has filed the prescribed notice, a lien upon the land. And in Cowen v. Paddock, 137 N. Y. 188, 193, 33 N. E. 154, it was held that the consent required by the lien law may be implied from the conduct and attitude of the owner with respect to the improvements, provided the facts from which the inference is drawn indicate a willingness on his part to have the improvements made, or an acquiescence in the means adopted for that purpose, with knowledge of the object for which they are employed.

In National Wall Paper Co. v. Sire, 163 N. Y. 122, 131, 57 N. E. 293, 296, the court, after reviewing the authorities, laid down the following propositions:

"(1) That no express consent is necessary on the part of the owner in order to bring the case within the statute providing for mechanics' liens. (2) That a consent may be implied from the conduct and attitude of the owner with respect to the improvements which are in process of construction upon his premises. (3) The facts from which the inference of consent is to be drawn must be such as to indicate at least a willingness on the part of the owner to have the improvements made or an acquiescence in the means adopted for that purpose, with knowledge of the object for which they are employed. (4) The omission of the owner to object to improvements made upon his premises by a tenant, when he has knowledge of the circumstances under which they are being made, is always an important fact bearing upon this question."

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.