### ANDERSON v. FALKENMAYER et al.

(Kings County Court. April, 1914.)

1. MECHANICS' LIENS (§ 281*)—ENFORCEMENT—SUFFICIENCY OF EVIDENCE—CONSENT OF OWNER.

In an action to establish and enforce a mechanic's lien against certain saloon premises, evidence *held* to show that the labor and materials, though furnished under contract with the tenant, were furnished with consent of the owner of the premises, within Lien Law (Consol. Laws, c. 33) § 3, providing that a lien may be filed against the premises, where work is done and materials furnished with the consent or at the request of the owner.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572; Dec. Dig. § 281.*]

2. PARTIES (§ 80*)—WAIVER OF DEFECTS—FAILURE TO OBJECT.

Where defect of parties plaintiff was not raised by defendant, either by demurrer or answer, the objection was waived.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131, 170; Dec. Dig. § 80.*]

Action to enforce mechanic's lien by Anton Anderson against Charles F. Falkenmayer and others. Judgment for plaintiff.

Ira I. Goldsmith, of Brooklyn, for plaintiff.
James C. Danzilo, of Brooklyn, for defendant Clemente.

MOORE, J. [1] Clemente, on April 15, 1913, leased to Falkenmayer certain saloon premises for 10 years from May 1, 1913, at the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rental of $720 per year for the first 2 years, $900 per year for the next 3 years, and $960 per year for the balance of the term. The lease contained this provision:

"The said party of the second part [Falkenmayer] doth further covenant that during the term of the lease aforesaid that he will make all repairs necessary in the interior of the said premises."

The plaintiff, upon the employment of Falkenmayer, furnished labor and materials, and proceeded to rip up old floor and put in new one, put in new store front and partitions, and did various other work, charging for the materials the cost price plus 10 per cent., and furnishing 50 days' labor; the entire value of the labor and materials being $341.23. These repairs, or a large part of them, were necessary, owing to decayed condition of woodwork in the building. Before the lease was made, Clemente understood some, if not all, of the work that was to be done. It was the understanding, when the lease was made, that Falkenmayer was to make repairs. As the work progressed Clemente was at the premises almost every day, expressed himself that the work was good, objected to no part of it, and, while he did not give any directions relating to it, walked around and looked at the work being done, and said nothing indicating that the workmen should look to Falkenmayer for payment.

The plaintiff, not getting his pay from Falkenmayer, stopped the work, and a lawyer came and paid him $150 on account, representing certain brewers who appeared to be interested in Falkenmayer's venture. The balance not being paid, plaintiff filed mechanic's lien against the premises of Clemente, and seeks to recover in this foreclosure thereof, under the provisions of section 3 of the Lien Law (Consol. Laws, c. 33), which provides in substance that a lien may be filed against the premises where work is done and materials furnished with the consent or at the request of the owner thereof.

Falkenmayer having vacated the premises, thereafter and on July 29, 1913, about 3½ months after the first lease was made, Clemente made a new lease of the same premises to one Abbott, representing the brewers referred to, for the term of 5 years, beginning August 1, 1913, at rental of $720 for the first year, $780 for the next year, $900 per year for the third and fourth years, and $960 for the fifth year, and with privilege of extension for 5 additional years at $960 per year for the first 2 years, $1,020 for the next year, and $1,080 per year for the last 2 years.

It will thus be seen that the new lease was much more advantageous to the landlord than the earlier one, and it may safely be presumed that the work and materials furnished by the plaintiff to the betterment of the premises aided in some degree in enabling Clemente to secure this lease at increased rental. Under the circumstances shown upon the trial of this case, it must be held that the labor and materials furnished by the plaintiff were furnished with the consent of the defendant Clemente, owner of the premises, within the meaning of section 3 of the Lien Law. Pearce v. Kenney, 152 App. Div. 638, 641, 137 N. Y. Supp. 475; National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293;

Meistrell v. Baldwin, 144 App. Div. 660, 129 N. Y. Supp. 670; Rice v. Culver, 172 N. Y. 60, 64 N. E. 761.

[2] It is contended by the defendant Clemente that a prior lienor who had filed a lien against these premises should have been made a party to this action, and that for that reason this action is not maintainable. The failure to make such lienor a party must be deemed to have been waived by defendants, as no such issue was raised by demurrer or answer. Code Civ. Pro. §§ 488, 498, 499; Duncan v. C. M. Ins. Co., 129 N. Y. 237, 29 N. E. 76; Tyndall v. Pinelawn Cemetery, 198 N. Y. 217, 220, 91 N. E. 591.

Plaintiff is entitled to judgment of foreclosure of his mechanic's lien for the amount of $191.23, with interest from June 17, 1913, with costs of this action, and for personal judgment against defendant Alphonso Clemente, on stipulation made by parties to effect that, if judgment was granted against him, it should be personal as well as against the property; and findings and judgment may be prepared accordingly.