THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MCGRATH, True Name JOHN BAPTIST PATRICK MCGRATH, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him of robbery in the second degree, on a plea of guilty, and sentencing him, as a prior offender, to an indeterminate term of imprisonment of not less than twenty-nine years or more than thirty years, and from the sentence and from intermediate orders. Judgment unanimously affirmed. No opinion. Appeal from sentence and intermediate orders dismissed. No separate appeal lies from the sentence and from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS ROCCO TRIMARCO, alias NICHOLAS TRIMARCO, Appellant.— Defendant appears from a judgment of the County Court, Queens County, convicting him of robbery, first degree, grand larceny, second degree, and assault, first degree, and sentencing him to serve fifteen to thirty years, and from the sentence. Judgment unanimously affirmed. No opinion. Appeal from sentence dismissed. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

WILLIAM SALOY, INC., Appellant, v. WILLIAM LUHRS, Respondent.— Action to foreclose a mechanic's lien for work, labor, and materials furnished towards the erection of a gasoline station, pursuant to a contract with the lessee of the unimproved property in question, with the consent of defendant, the owner. Before the station was substantially completed, plaintiff had ceased construction upon the order of the lessee, who failed to pay for the work done. The trial court found that plaintiff had failed to establish that the work was done "with the consent or at the request of the owner" within the meaning of section 3 of the Lien Law, and dismissed the complaint. Plaintiff appeals from the judgment entered thereon. Judgment unanimously affirmed, with costs. While we are of the opinion that the evidence did establish the required consent of the owner to the erection of a gasoline station (cf. *Jones* v. *Menke*, 168 N. Y. 61), since he did not cause the failure substantially to complete the contract he may not be held (*New York Elevator Supply & Repair Co.* v. *Bremer*, 74 App. Div. 400, affd. 175 N. Y. 520; *McNulty Bros.* v. *Offerman*, 152 App. Div. 181; *Mitchell* v. *Dunmore Realty Co.*, 126 App. Div. 829). Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *post*, p. 1049.]