Frank A. Gulotta, J.
This motion for summary judgment by defendant owner in a mechanic’s lien foreclosure action is based upon the alleged failure of the lienor to comply with the four-month time limit in section 10 of the Lien Law.
White, the original general contractor, ordered certain materials for the job from the plaintiff, on which the last delivery *471 was made on October 21, 1958, totaling $550 in value. On June 19, 1959, White abandoned the job and in December, 1959, the owner, Ethical, hired Wenger as general contractor to complete the job.
Pursuant to Wenger’s request the plaintiff, on December 15, 1959, delivered material worth $6 for use on the job. On February 24,1960, plaintiff filed a lien for the whole $556.
Since this was more than four months after abandonment of the contract by White, Ethical contends that the filing was late because abandonment was tantamount to completion of the contract as that term is used in the statute. However, this contention overlooks the fact that the statute allows the filing of a lien either ‘ ‘ within four months after completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished.” (Lien Law, § 10; emphasis added.)
It is not denied that these items, small as they were in value, were an integral part of the materials supplied by plaintiff for the main job.
The ease does not therefore fall within the doctrine that a lienor cannot artificially extend his time to file a lien by supplying some picayune item, not connected with any work done under his main contract. (McLean v. Sanford, 26 App. Div. 603 [a 25-cent water glass for a furnace]; Nelson v. Schrank, 273 App. Div. 72 [repair of a faucet not anticipated when the original contract was made].)
In addition the plaintiff claims that Wenger promised to pay the entire bill if he would supply the missing parts. Plaintiff rests on this as an answer to the “ time ” argument.
I believe it to be an answer to defendant’s motion for quite a different reason. The plaintiff’s lien as a subcontractor was originally confined to the balance due White. It is more or less conceded that White had been overpaid and this would defeat the plaintiff, not because his lien was late, but so far as $550 of it is concerned, there is no fund to which it could attach. His rights would not automatically expand to embrace the new funds due Wenger, but they might if Wenger agreed to it. That Ethical was not a party to this new agreement is irrelevant, since the lien, if valid at all, is not against Ethical, but on the funds due Wenger.
Since Wenger’s alleged promise was oral and superficially at least was an agreement to answer for the debt of another, it may be unenforcible under subdivision 2 of section 31 of the Personal Property Law which requires such agreements to be in writing.
However, there is some well-settled ease law to the effect that *472 an original promise to pay the antecedent debt of another under certain conditions is exempt from the requirement, on the theory that it then becomes the primary obligation of the new promisor. See White v. Rintoul (108 N. Y. 222, 227) where this principal is well stated as follows: “ where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor.”
For these reasons I deem there to be issues of fact to try in this case, which require a denial of the motion.