ARR-EM PLASTERING CORP., Plaintiff, *v.* 515 EAST 85TH STREET CORP., Appellant, et al., Defendants, and GILSEN CONSTRUCTION CORP., Respondent.

First Department, June 25, 1964.

*Manuel Taxel* of counsel (*Sylvan D. Freeman* with him on the brief; *Dreyer & Traub*, attorneys), for appellant.

*Edward R. Sullivan* for respondent.

*Per Curiam.* Defendant 515 East 85th Street Corporation (herein 515), owner of the land located at this address, entered into a lease of the property with Brosen Associates Inc. (herein Brosen). The lease was for 21 years, with options to renew. By its terms Brosen agreed to erect a 13-story apartment house on the land. Brosen further agreed that it would not place any mechanic's lien on the property or suffer any such lien to be created; and, if any such lien was so placed, it would discharge the same within 30 days. Brosen contracted with Gilsen Construction Corp. (herein Gilsen) to build the apartment house.

Brosen and Gilsen are family corporations, of the same family. The officers of both are the Sens brothers and their father. The brothers are the sole stockholders of both. They occupy the same offices, are represented by the same attorneys, and the pertinent documents were executed on behalf of the corporations by the same individuals.

The contract further provided that Brosen was allowed to place a mortgage on the property, which mortgage it was to obtain at its own expense. Brosen was unable to obtain a mortgage in the sum it expected, and from which it contemplated paying Gilsen for the construction. It failed to pay and Gilsen filed a mechanic's lien against the property in the sum of $558,000.

515 has moved for summary judgment in the action to foreclose the lien. In opposition Gilsen does not dispute any of the facts but merely contends that it is a separate corporate entity not bound either by Brosen's agreement not to file a lien or its guarantee that no such lien would be filed. In the absence of evidentiary facts to support its contention, no issue is presented (*O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386).

We conclude that on the conceded facts summary judgment should issue. It is incontrovertible that Gilsen knew of Brosen's contractual obligations in regard to liens on the property. "These corporations then must be regarded as separate legal entities, but the fact that a single mind and a single will direct the activities of these separate entities carries with it the consequences which naturally flow therefrom. The same knowledge and the same intent must be ascribed to all." (*Shelton Holding Corp.* v. *150 E. 48th St. Corp.*, 264 N. Y. 339, 344 [LEHMAN, J.].) The consequences are that Brosen by its contract with Gilsen could not confer on the latter any rights which to the knowledge of both it had waived, and to the end that the benefit of Brosen's agreement to 515 should become, to that extent, ineffectual (*Shelton Holding Corp.* v. *150 E. 48th St. Corp., supra*).

By the device of the mechanic's lien filed by Gilsen, Brosen seeks to make up the sum it was unable to borrow by way of mortgage, thereby breaching its contract and jeopardizing 515's title in the very way against which it had guaranteed to protect that title. This patent inequity is intolerable. In comparable situations where knowledge of limitations on liability was obtained by virtue of identity of individuals in control of corporations, the corporation, though acknowledged to be a separate entity, was estopped from filing a lien (see *Fraad Contr. Co.* v. *Boyd,* 170 App. Div. 732, and cases cited).

The order denying summary judgment should be reversed on the law and the motion granted, with costs to the appellant.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on February 28, 1964, denying summary judgment, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs.

Settle order on notice.